EX PARTE ANGEL SOTO, Petitioner and Appellee; MARÍA G. RODRÍGUEZ, Intervener and Appellant.

No. 10125. Argued June 1, 1950.—Decided June 13, 1950.

512

*Leopoldo Santiago Carmona* for appellant.  *Diego O. Marrero* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

Angel Soto filed a petition for deposit before the Municipal Court of Bayamón, in which he substantially alleged that he was married to Concepción Olmo who was the owner of a parcel of land located in Buena Vista Ward in Bayamón, consisting of 2¼ cuerdas; that on December 30, 1938, Concepción Olmo agreed with María Rodríguez on the sale of said land for the sum of $350, of which the former received $160, it being expressly stipulated by both parties in a document executed before a notary that in case that the purchaser failed to pay the remaining $190, the creditor would return to her the $160 received, the debtor would be relieved from all responsibility and the promissory note would be void, its date of maturity being December 30, 1940; that the aforesaid promissory note is due and that notwithstanding the steps taken by Concepción Olmo in order to return to María Rodríguez the afore-mentioned $160, the latter has refused to accept them, despite her failure to pay within the stipulated term the sum of $190 mentioned in the deed. He prays the court to admit the deposit of the aforesaid $160 and to order the cancellation of the promissory note.

María Rodríguez appeared and admitted that she had been summoned in the proceedings and stated that she was appearing as defendant. She claimed as special defenses that Concepción Olmo was unmarried at the time of the transaction between them and that her husband had no legal authority to represent Concepción Olmo in the defense of her separate property; that it does not appear from the petition that Concepción Olmo made her any tender of payment; that there is no debt on which the deposit proceeding can be based; that the action filed is rather a rescission of contract and that as long as the latter has legal existence it can be attacked only in an ordinary action, not in a deposit proceeding. She also alleged that she only owed $75, which sum she had often tendered Concepción Olmo and the latter had refused to receive, and requested by way of counterclaim that Concepción Olmo be ordered to execute the deed of sale.

The municipal court rendered judgment declaring the deposit duly made and ordering the cancellation of the aforesaid promissory note. María Rodríguez appealed to the District Court of Bayamón where after a trial *de novo* judgment was again rendered against her. From this she appealed to this Court and in support of her appeal assigns the seven errors that we shall discuss in the course of this opinion.

The first, briefly stated, is to the effect that "an *ex parte* petition for deposit cannot become a civil action without rescissory claims." Although entitled "Deposit of money" the action filed was virtually a plenary suit on termination of contract and cancellation of promissory note. The appellant was notified of said petition and when she appeared to oppose the claims of the petitioner, the action became an adversary proceeding. *Muriente* v. *Yumet*, 58 P.R.R. 619, 623; *cf. Ruiz de Val* v. *Morales*, 40 P.R.R. 742, 744.

In the second place the appellant alleges that the lower court erred in permitting Concepción Olmo to be represented in the proceeding by her husband Angel Soto, since

it appeared therefrom that she was unmarried. Although this question was raised originally as a defense before the municipal court, it was not raised in any way before the district court and consequently it cannot be raised before us now. *P. R. Housing Authority* v. *Sagastivelza, ante,* p. 406 and cases cited therein.

■ The appellant also alleges that Concepción Olmo had no standing to sue in the present case. She is not correct either. The document executed by both parties, copied verbatim, says:

"PROMISSORY NOTE: For $190 U. S. Cy. Date due as given: December 30, 1940. I owe and shall pay to Concepción Olmo the sum of $190, which sum will not accrue any interest thereon and I promise to pay said debt on or before December 30, 1940 at the creditor's residence.

"The reason for this debt is the sale of a parcel of land located in the Buena Vista Ward, kilometer 7, hectometer 7, whereby Concepción Olmo sells to María G. Rodríguez, 2¼ cuerdas for the sum of $350, having paid $160 of said debt at the execution of the contract and owing her the sum involved in this promisory note. In case of judicial claim I promise to pay the costs, expenses and attorney's fees incurred by creditor even though judgment by default be entered, said expenses and fees being assessed by mutual agreement in the amount of $50.

*"In case that the debtor cannot pay said sum, the creditor shall return to her the sum of $160, amount received for the sale of the land and the debtor shall be relieved from all liability including this promissory note. Upon compliance with this stipulation this promissory note shall have no effect.*

"In testimony whereof we sign the present document at Bayamón, P. R., on December 30, 1938. Signed: Catalina Olmo as agent of Concepción Olmo. María G. Rodríguez." (Italics ours.)

In accordance with the terms of this note, the action was brought exclusively in order to terminate the contract of sale and to cancel the promissory note, because of the purchaser's failure to pay the balance of the debt within the term stipulated in the contract. The vendor, of course, was entitled to request this, notwithstanding the fact that subsequent to the

maturity date of the promissory note and prior to the filing of the petition of deposit she sold the property to a third person giving rise to said document.

■ The defense of prescription raised in the fourth assignment was in no way pleaded in the trial court. Therefore, pursuant to the cases cited in discussing the second error, we cannot consider it now.

■ Appellant's contention to the effect that the court had no jurisdiction over the petition for deposit because the subject matter in controversy was over $500 has no merit, for the property involved in the contract sought to be terminated was worth more than $1,000. The real object of the petition, we insist, was to terminate a contract of sale in which the value of the thing was fixed at $350. Hence the municipal court had jurisdiction to entertain the petition. *Pérez* v. *Court*, 47 P.R.R. 546, 551.

■ The sixth assignment is that the lower court erred in (1) ordering the cancellation of a promissory note and all the obligations derived therefrom, by virtue of an *ex parte* deposit; also (2) in weighing the evidence and acting under passion, prejudice and bias. The first part of the error thus assigned, has already been decided by us in discussing the first error. As to its second part it will suffice to say that the court found the following points proved: (1) that Concepción Olmo sold to the appellant herein a parcel of land located in the Buena Vista Ward of Bayamón for $350; (2) that the aforesaid promissory note was executed before a notary; (3) that the appellant delivered to Concepción Olmo the sum of $160, but did not pay the remaining $190; (4) that upon failing to receive the last sum and the promissory note having become due, and notwithstanding the steps taken to collect it, Concepción Olmo tried to return to the appellant the sum of $160 already received from her, without being able to make her accept the aforesaid amount.

. The petitioner's evidence tended to prove each and every one of the contentions of the petition, while that of the ap-

pellant was to the effect that, in addition to the $160 men tioned in the document executed, she paid to Concepción Olm $115 in separate amounts, of which she had some of th receipts which she offered in evidence; and that on differen occasions she offered the remaining $75 to Concepción Olm who refused to receive them, telling her that she would re ceive them upon the execution of the deed, but that she neve agreed to execute it. The lower court did not believe defen ant's evidence. In the record there is undoubtedly sufficien evidence to justify the conclusion reached by the trial cour and after a careful examination of the record we are n convinced that the lower court, in deciding the conflict in th evidence, acted with passion, prejudice, or bias.

The appellant also maintains that the action fil against her is res judicata. She bases her claim on havin obtained a favorable judgment in a possessory injunction pr ceeding brought by her—in connection with the property i volved herein—against Manuel Reyes Rivera, who acquir it from the heirs of Mariana Olmo and the latter in tu from Concepción Olmo, plaintiff's wife. The defense of r judicata does not lie when there is no identity of persons causes. There is none in this case. *Meléndez* v. *Cividan* 63 P.R.R. 4.

Since none of the errors assigned were committed, t judgment appealed from will be affirmed.

Mr. Justice Snyder did not participate herein.